UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE JARVIS AUSTIN,<br><br>Plaintiff,<br><br>v.<br><br>SAN JOAQUIN SUPERIOR COURT, et al.,<br><br>Defendants. | Case No. 21-cv-05225-JSW<br><br>**ORDER GRANTING MOTION TO DISMISS AND RESOLVING OUTSTANDING MOTIONS**<br><br>Re: Dkt. Nos. 33, 40, 42, 44, 46 |

Now before the Court for consideration are the motion to dismiss the amended complaint filed by Defendant Superior Court of California, County of San Joaquin ("Defendant"). The Court has considered the parties' papers, relevant legal authority, and the record in this case, and it finds the motion is suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b).

The Court GRANTS the Defendants' motion to dismiss (Dkt. No. 33); DENIES Plaintiff's duplicative motions for judgment (Dkt. Nos. 40, 42); GRANTS Plaintiff's motion to remove his filing at Docket No. 35 which is duplicative of his later filing (Dkt. 44); and DENIES Plaintiff's motion to amend the schedule as moot (Dkt. No. 46).

**BACKGROUND**

Plaintiff, a frequent filer in this Court, seeks to file a civil rights complaint against Defendant for discriminatory conduct toward him over a course of years. Although it is a bit difficult to discern the specific factual premise of his claims, Plaintiff alleges that he sought information from the Superior Court, but received "inferior services, refusal of service, extreme condescension, racial stereotypes and retaliation" by unidentified court staff at unspecified times

over the course of multiple years. (Dkt. No. 32, Amended Complaint at 3.)

Additional relevant facts shall be addressed in the Court's analysis.

## ANALYSIS

**A.     Applicable Legal Standards.**

A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. A court's "inquiry is limited to the allegations in the complaint, which are accepted as true and construed in the light most favorable to the plaintiff." *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).

Even under the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Pursuant to *Twombly*, a plaintiff cannot merely allege conduct that is conceivable but must instead allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

If the allegations are insufficient to state a claim, a court should grant leave to amend unless amendment would be futile. *See, e.g., Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990); *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 246-47 (9th Cir. 1990). "A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies in the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), *superseded on other grounds by statute as stated in Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc). However, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

### B. Eleventh Amendment Immunity Bars Action Against State Superior Court.

Defendant, the Superior Court, moves to dismiss the amended complaint on the basis that Plaintiff's claims are barred by Eleventh Amendment immunity. The Eleventh Amendment provides that "the Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The Eleventh Amendment bars suit in federal court against a state, an arm of the state, its instrumentalities, or its agencies—unless the state has consented to suit or Congress has abrogated its immunity. *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 72-73 (2000); *Franceschi v. Schwartz,* 57 F.3d 828, 831 (9th Cir. 1995) (citation omitted). Eleventh Amendment immunity analysis appropriately focuses on whether "the action is in essence one for the recovery of money from the state." *Regents of the Univ. of California v. Doe*, 519 U.S. 425, 429 (1997).

"'The ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court.'" *Beentjes v. Placer County Air Pollution Control Dist.*, 397 F.3d 775, 777 (9th Cir. 2005) (quoting *Board of Trustees of University of Alabama v. Garrett*, 531 U.S. 356, 363 (2001)). Accordingly, Plaintiff's claims against the Superior Court, which is a state agency, are barred by the Eleventh Amendment. *See Greater Los Angeles Council on Deafness v. Zolin*, 812 F.2d 1103, 1110 & n.10 (9th Cir. 1987).

### C. Potential Claims Against Unnamed Court Clerks.

In his amended complaint and opposition to the pending motion, Plaintiff alludes to possible claims against unnamed "Supervisory Clerks" employed by the Superior Court. Any possible claim for damages for violations of Plaintiff's civil rights pursuant to 42 U.S.C. section 1983 as against the unnamed court clerks also is barred by the Eleventh Amendment. *See, e.g., Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Simmons v. Sacramento County Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003) ("Plaintiff cannot state a claim against the Sacramento County Superior Court (or its employees), because such suits are barred by the Eleventh Amendment."). In addition, court clerks "have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the

judicial process." *Mullis v. U.S. Bankr. Court for Dist. of Nevada*, 828 F.2d 1385, 1390 (9th Cir. 1987); *see also Meyers v. Contra Costa County Dep't of Social Services*, 812 F.2d 1154, 1158-59 (9th Cir. 1987) (holding that certain officers of the court, including court counselors, have absolute immunity when performing quasi-judicial functions).

## CONCLUSION

For each of these reasons, the Court GRANTS the Superior Court Defendant's motion to dismiss without leave to amend. Leave to amend should generally be freely granted. *See, e.g., Reddy*, 912 F.2d at 296; *Cook, Perkiss & Liehe*, 911 F.2d at 246-47. However, "[t]he district court's discretion to deny leave to amend is … broad where plaintiff has previously amended the complaint." *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990) (internal quotations and citation omitted). In addition, in light of the facts alleged, the Court concludes that amendment would be futile.

The Court shall enter a separate judgment, and the Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: April 12, 2022

JEFFREY S. WHITE
United States District Judge